UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIMOTHY LANCE HARRY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. C12-5909-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Timothy Harry appeals the denial of his Supplemental Security Income and Disability Insurance Benefits applications. Mr. Harry contends the ALJ misevaluated his testimony and Beth Liu's, M.D., opinions. As discussed below, the Court recommends **REVERSING** the Commissioner's decision and **REMANDING** the case for further administrative proceedings pursuant to sentence four.

## BACKGROUND

The ALJ found at **steps one, two, and three**, that Mr. Harry last worked on December 31, 2008; that lumbar disorder, obesity and bilateral lower extremity lymphedema were severe impairments; and that these impairments did not meet the requirements of a listed impairment. The ALJ found Mr. Harry had the **Residual Functional Capacity** ("RFC") to

REPORT AND RECOMMENDATION - 1

>perform less than the full range of light work; that he could lift up to 20 pounds occasionally and lift or carry up to 10 pounds frequently; that with normal breaks he could stand or walk two hours in an 8-hour workday and had no sitting limitations; that he had unlimited ability to push or pull, subject to the above lifting and carrying limits.  He could occasionally balance, stoop, kneel, crouch, and climb ramps and stairs, but could not crawl or climb ladders, ropes or scaffolds.  He must avoid concentrated exposure to extreme heat, humidity and work at unprotected heights.

At **steps four and five**, the ALJ found Mr. Harry was not disabled because he could perform his past work, and other jobs in the national economy.[1]  Tr. 7-19.

## DISCUSSION

**A.     The ALJ's evaluation of Mr. Harry's testimony**

Mr. Harry testified he could not work due to pain.  Tr. 37.  As the ALJ did not find Mr. Harry was malingering, the ALJ was required to make specific findings supported by clear and convincing reasons to reject his testimony.  *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996).  The ALJ discounted Mr. Harry's testimony on the grounds "the objective clinical and laboratory evidence does not support a finding the claimant is as restricted as alleged."  Tr. 15.  The parties spar over the meaning of this finding.  On the one hand, Mr. Harry argues the ALJ improperly rejected his testimony for lack of **corroborating** medical evidence.  If this is what the ALJ meant, the ALJ erred.  The ALJ found Mr. Harry's lumbar disorder was a severe impairment and could reasonably cause the symptoms Mr. Harry complained of.  Once an impairment is medically established, an ALJ cannot require medical support to prove the severity of the pain.  *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991).

On the other, the Commissioner argues the ALJ properly discounted Mr. Harry's testimony as **inconsistent** with the medical evidence.  *See, e.g., Johnson v. Shalala,* 60 F.3d

---

[1] Review was denied making the ALJ's decision is the Commissioner's final decision.  Tr. 1.

REPORT AND RECOMMENDATION - 2

1428, 1434 (9th Cir. 1995) (holding "contradictions between claimant's testimony and the relevant medical evidence" are clear and convincing reasons for ALJ to reject plaintiff's subjective symptom testimony). The record does not support this argument. Rather it shows Mr. Harry had chronic back pain complaints and that pain secondary to this problem affected his ability to walk or stand. Tr. 223. There is nothing in the record showing otherwise.

The Commissioner points to how Mr. Harry "ambulated independently," "had good rehabilitation potential," had few documented strength limitations on examination, and could get on and off the table as evidence contradicting Mr. Harry's pain allegations. Dkt. 12 at 6. But Mr. Harry never claimed he could not walk at all, was totally immobile, or lacked strength to perform any work. Rather, he claimed he was very limited in these areas. Hence the Commissioner's argument relies on abilities that have little bearing on Mr. Harry's testimony about his pain. As such, if the ALJ found Mr. Harry's testimony was contradicted by the medical evidence, the ALJ erred as that finding was not supported by substantial evidence of record.

Second, the ALJ discounted Mr. Harry's testimony on the grounds he "was noted to have experienced symptom improvement with treatment including bandaging, compression stockings and exercise (Exhibit 9F). But, Exhibit 9F contains Mr. Harry's physical therapy treatment records for his lymphedema, a condition causing swelling of the legs and feet, not treatment records for his back or pain complaints. Because these records have little to do with Mr. Harry's back pain, they do not contradict his pain testimony. *See* Tr. 247-337

And third, the ALJ discounted Mr. Harry's testimony as inconsistent with his daily activities noting that Mr. Harry could make meals, do laundry, drive, shop, read, pay bills, use a computer to surf the internet, visit relatives and socialize. Tr. 15. These minimal daily activities

REPORT AND RECOMMENDATION - 3

neither contradict Mr. Harry's testimony nor meet the threshold for transferrable work skills; they are thus are not grounds to discount his credibility. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). To be sure, individuals who are not disabled perform these activities as part of everyday normal living. But an ALJ cannot penalize a claimant for attempting to live a normal life in the face of his limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).

Accordingly, the ALJ erred in discounting Mr. Harry's testimony about the degree to which pain limited his ability to work. The error was not harmless because not all of the limitations to which Mr. Harry testified were accounted for in the ALJ assessment of his RFC, or his step four and five findings. Because it is unclear whether Mr. Harry would be deemed disabled, even accepting his testimony, it would be appropriate to remand the matter for further proceedings pursuant to sentence four, rather than awarding benefits at this point.

**B.     The ALJ's evaluation of Beth Lui's, M.D., opinion**

Examining doctor Beth Lui, M.D., opined Mr. Harry could not walk for more than four minutes and could not stand for more than ten minutes at a time. Tr. 201. This opinion was based on statements Mr. Harry made to the doctor—"he reports . . . he cannot . . . stand for 10 minutes at a time, and cannot walk for 4 minutes at a time." Tr. 199. The ALJ rejected the opinion as based on Mr. Harry's discredited self-reports and as inconsistent with the doctor's examination findings. Tr. 16. As the ALJ erred in discounting Mr. Harry's testimony, the ALJ should reevaluate his testimony on remand. On remand, the ALJ should thus also reevaluate Dr. Lui's opinions. Perhaps the ALJ will find Mr. Harry's testimony credible, which may in turn affect the ALJ's assessment of Dr. Lui's opinions. But that is for the ALJ to determine, not the Court at this point.

As to the ALJ's finding Dr. Lui's opinions were inconsistent with her examination, this

REPORT AND RECOMMENDATION - 4

finding is not supported by substantial evidence.  The ALJ noted Dr. Lui found Mr. Harry's gait and posture normal, that he had no spasms, that his leg raise test were negative and that his motor function and reflexes were normal.  Tr. 16.  This sheds little light on how long Mr. Harry can walk and stand.  The fact a person has normal "gait" and "posture," or reflexes is not evidence the person can walk or stand for two hours at a time, as the ALJ found.  Because Dr. Lui opined Mr. Harry was more limited than the ALJ found, the ALJ's rejection of her opinions was not harmless.  Accordingly, the Court directs the ALJ to reevaluate Dr. Lui's opinions on remand.

## CONCLUSION

The Court recommends **REVERSING** the Commissioner's decision and **REMANDING** the case for further administrative proceedings pursuant to sentence four.  On remand, the ALJ should revaluate Mr. Harry's testimony and Dr. Lui's opinions using the five step disability evaluation process as appropriate.  A proposed order accompanies this Report and Recommendation.  Objections, if any, to this Report and Recommendation must be filed and served no later than **April 26, 2013.**  If no objections are filed, the matter will be ready for the Court's consideration on **May 3, 2013**.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed twelve pages.  The failure to timely object may affect the right to appeal.

DATED this 12th day of April, 2013.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5